UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE L. ROBINSON,

    Petitioner,

v.

RANDALL HAAS,

    Respondent.[1]

_____/

Civil Action. No. 2:17-CV-13892
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

### OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) TRANSFERRING THE MOTION FOR RELIEF FROM JUDGMENT (ECF No. 21) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

This Court denied the petition for a writ of habeas corpus, but granted petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Robinson v. Winn*, No. 2:17-CV-13892, 2019 WL 2387127 (E.D. Mich. June 6, 2019). The Sixth Circuit affirmed this Court's decision. *Robinson v. Parish*, No. 19-1738 (6th Cir. May 15, 2020).

Petitioner has filed a Rule 60(b) motion for relief from judgment. The Clerk of the Court is ordered to reopen the case to the Court's active docket for the purpose of facilitating the adjudication of petitioner's Rule 60(b)

---

[1] The Court amends the caption to reflect the current warden of petitioner's incarceration.

motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629 (E.D. Mich. Jan. 15, 2016).

A Rule 60(b) motion for relief from judgment that attempts to advance one or more substantive claims after the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005).  A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.,* at 532.  A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.,* at 532, n. 4.

2

Petitioner argues that he is entitled to habeas relief because the cumulative effect of the errors in this case rendered his trial fundamentally unfair. Petitioner raised a cumulative error claim in his original petition. This Court rejected the claim because the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Robinson v. Winn*, 2019 WL 2387127, at *13 (quoting *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002)).

A Rule 60(b) motion alleging that a district court failed to adjudicate a petitioner's claim does not constitute a second or successive petition because it merely challenges a defect in the proceedings. *See Tyler v. Anderson*, 749 F.3d 499, 508 (6th Cir. 2014). Petitioner, here, however, does not allege that this Court failed to adjudicate any of his claims, but instead, appears to argue that this Court should have granted habeas relief on his cumulative error claim.

Petitioner's Rule 60(b) motion seeks to advance a claim that the Court previously considered and dismissed on substantive, constitutional grounds and thus amounts to a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). *See Post v. Bradshaw,* 422 F.3d 419, 424-25 (6th Cir. 2005). Petitioner's Rule 60(b) motion does not merely attempt to rectify defects in the habeas corpus proceedings, but also appears to reassert the

substance of several of his claims, amounting to an impermissible attack on the Court's previous resolution of the claims on the merits. See Henderson v. Collins, 184 F. App'x 518, 523 (6th Cir. 2006). Petitioner's Rule 60(b) motion amounts to the equivalent of a second or successive habeas petition because the motion attempts to re-litigate claims that petitioner previously raised in his prior habeas petition. See In re Bowling, 422 F.3d 434, 440 (6th Cir. 2005). In other words, petitioner's Rule 60(b) motion seeks the vindication of, or advances, several claims because petitioner is taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. Post, 422 F.3d at 424-25.

Petitioner is not entitled to relief from judgment because he is merely attempting to relitigate issues already decided against him adversely, nor has he shown that this Court's ruling was in error. Because petitioner's current motion for relief from judgment is a successive petition for a writ of habeas corpus, he is required to obtain a certificate of authorization to file a successive petition from the United States Court of Appeals for the Sixth Circuit. Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## ORDER

The Court **ORDERS** that:

(1) the Clerk of the Court **REOPEN** the case to the Court's Active Docket.

(2) the Clerk of the Court is **ORDERED** to transfer the motion for relief from judgment (ECF No. 21) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

                                                _s/Arthur J. Tarnow_____
                                                **ARTHUR J. TARNOW**
                                                UNITED STATES DISTRICT JUDGE

**Dated: July 19, 2021**